Michael R. Johnson (7070)
David H. Leigh (9433)
Elaine A. Monson (5523)
Brent D. Wride (5163)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, UT 84111
(801) 532-1500
mjohnson@rqn.com
dleigh@rqn.com
emonson@rqn.com
bwride@rqn.com

*Proposed Counsel for the Debtor in Possession*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**THE FALLS EVENT CENTER LLC,** a Utah limited liability company,<br><br>Address:  9067 S 1300 W, #301<br>West Jordan, UT 84088,<br><br>Tax I.D. No. 90-1023989,<br><br>Debtor in Possession. | Bankruptcy Case No. 18-25116<br><br>Chapter 11<br><br>Honorable Kimball Mosier<br><br>[Filed Electronically] |

**DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND PROVISION OF ADEQUATE PROTECTION**

The Falls Event Center LLC, a Utah limited liability company (the "**Debtor**"), the debtor in possession, through counsel, hereby moves the Court for an order in the form attached hereto as **Exhibit A** authorizing the Debtor to use cash collateral upon the terms and conditions set forth below. This motion is made pursuant to Section 363(c)(2) of the Bankruptcy Code, Federal Rule

1

of Bankruptcy Procedure 4001(b), and Local Rule 4001(b). In support of this Motion, the Debtor represents as follows:

1. **Commencement of Case and Debtor in Possession Status.** The Debtor commenced this case by filing its voluntary petition under Chapter 11 of the Bankruptcy Code on July 11, 2018 (the "**Petition Date**"). The Debtor is acting as the debtor in possession in this case and is authorized to operate its business and manage its affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. **Company and Financial Information.** The Debtor is a Utah limited liability company. The Debtor operates eight event centers in five states (the "**Operating Event Centers**") for hosting personal and corporate events. The eight Operating Event Centers are owned by separate limited liability companies that are subsidiaries of the Debtor (the "**Subsidiaries**"). The Debtor owns 100% of the membership interests of the Operating Event Centers. The Debtor leases the Operating Event Centers from the respective Subsidiaries. One of the Subsidiaries, The Falls at Elk Grove, LLC (the "**Elk Grove Subsidiary**"), was the subject of a Chapter 11 bankruptcy case, Case No. 18-23387-D-11, in the United States Bankruptcy Court for the Eastern District of California, Sacramento Division. However, on July 12, 2018, the California Bankruptcy Court dismissed the case without prejudice. It is likely that the Elk Grove Subsidiary will be filing a new Chapter 11 case in Utah in the near future. The other Subsidiaries are not currently in bankruptcy proceedings, but it is likely that Chapter 11 petitions will be filed in the near future by some (but not all) of the Subsidiaries. There are additional real properties owned by other Subsidiaries that are not currently operating (the "**Non-Operating Real Properties**"), and the Debtor currently intends to cause such Subsidiaries to liquidate the Non-Operating Real Properties in order to pay off the debts secured by the Non-Operating Real Properties and to then upstream to the Debtor the excess sale proceeds in order to help fund the

Debtor's reorganization plan. To the extent that foreclosures threaten the Non-Operating Real Properties or threaten the Debtor's equity, Chapter 11 filings may be made by some of the Non-Operating Real Properties as well.

3.  **Cash Collateral.** The Debtor generates cash from operations of the Operating Event Centers by providing personal event services (such as services for wedding and anniversary celebrations) and corporate event services at the Operating Event Centers. The Debtor's business conducted at the Operating Event Centers is a viable business and can be made profitable for the benefit of all creditors through the Debtor's Chapter 11 reorganization process.

4.  **Disputed Cash Collateral Claims of GTR Source LLC.** GTR Source LLC ("**GSL**") entered into a Merchant Agreement dated May 1, 2018 (the "**GSL Agreement**"), with "THE FALLS EVENT CENTER, LLC. / EVEN STEVENS UTAH, LLC" listed as Merchant. Pursuant to the GSL Agreement, GSL purported to purchase "all of Merchant's future accounts, contract rights and other entitlements arising from or relating to the payment of monies from Merchant's customers and/or other third party payors" for a total purchase price of $500,000.00, and a "Total Purchased Amount" of $725,000.00.

Even though GSL purported to have purchased the Debtor's future accounts, GSL did not attempt to collect any of the Debtor's accounts directly from the account debtors, but instead relied upon the Debtor to collect its own accounts. Pre-petition, GSL was receiving daily payments through ACH withdrawals in the amount of $7,250.00 daily, Monday through Friday, with such ACH payments being taken from the Debtor's bank account at US Bank. The GSL Agreement is signed twice by Steven L. Down, but no representative capacity for Steven L. Down is shown on the Merchant Agreement signature lines. The GSL Agreement also incorporates the terms of a "Security Agreement and Guaranty" whereby the Merchant (identified as "THE FALLS EVENT CENTER, LLC. / EVEN STEVENS UTAH, LLC") grants

3

to GSL a security interest in and lien upon all accounts, chattel paper, documents, equipment, general intangibles, instruments and inventory to secure "all of GSL's entitlements under this Agreement." A copy of the GSL Agreement is attached hereto as **Exhibit B** and incorporated herein. GSL also filed a UCC Financing Statement with the Utah Division of Corporations and Commercial Code on January 24, 2018, File No. 535710201828 (the "**GSL UCC Filing**"), listing The Falls Event Center LLC and Steven L. Down as Debtors and GTR Source LLC as Secured Party, with the following Collateral Description: "All accounts receivable, receipts, instruments, contract rights and other rights to receive the payment of money, patents, chattel paper, licenses, leases and general intangibles, whether now owned or hereafter acquired or arising, and all of Debtor's books and records relating to any of the foregoing." A copy of the GSL UCC Filing is attached hereto as **Exhibit C** and incorporated herein.

Pursuant to the GSL Agreement and the GSL UCC Filing and 11 U.S.C. § 552(b)(1), Debtor presumes that GSL claims an interest in the Debtor's pre-petition accounts receivable and in the cash the Debtor receives as proceeds of its pre-petition accounts receivable.

5.   **Disputed Cash Collateral Claims of Richmond Capital Group LLC.**

Richmond Capital Group LLC ("**RCG**") entered into a Merchant Agreement dated May 1, 2018 (the "**RCG Agreement**"), with "THE FALLS EVENT CENTER, LLC. / EVEN STEVENS UTAH, LLC" listed as Merchant. Pursuant to the RCG Agreement, RCG purported to purchase "all of Merchant's future accounts, contract rights and other entitlements arising from or relating to the payment of monies from Merchant's customers and/or other third party payors" for a total purchase price of $500,000.00, and a "Total Purchased Amount" of $725,000.00.

Even though RCG purported to have purchased the Debtor's future accounts, RCG did not attempt to collect any of the Debtor's accounts directly from the account debtors, but instead relied upon the Debtor to collect its own accounts. Pre-petition, RCG was receiving daily

4

payments through ACH withdrawals in the amount of $7,250.00 daily, Monday through Friday, with such ACH payments being taken from the Debtor's bank account at US Bank. The RCG Agreement is signed twice by Steven L. Down, but no representative capacity for Steven L. Down is shown on the Merchant Agreement signature lines. The RCG Agreement also incorporates the terms of a "Security Agreement and Guaranty" whereby the Merchant (identified as "THE FALLS EVENT CENTER, LLC. / EVEN STEVENS UTAH, LLC") grants to RCG a security interest in and lien upon all accounts, chattel paper, documents, equipment, general intangibles, instruments and inventory to secure "all of RCG's entitlements under this Agreement." A copy of the RCG Agreement is attached hereto as **Exhibit D** and incorporated herein.

Pursuant to the RCG Agreement and 11 U.S.C. § 552(b)(1), Debtor presumes that RCG claims an interest in the Debtor's pre-petition accounts receivable and in the cash the Debtor receives as proceeds of its pre-petition accounts receivable.

6. **Disputed Cash Collateral Claims of Richmond Funding.** Richmond Funding ("**RMF**") entered into a Secured Merchant Agreement dated May 1, 2018 (the "**RMF Agreement**"), with the Debtor under the name of "THE FALLS EVENT CENTER LLC" as Merchant.

Pursuant to the RMF Agreement, RMF purported to purchase 15% of "Merchant's future accounts, contract rights and other obligations arising from or relating to the payment of monies from Merchant's customers and/or other third party payors" for a purchase price of $300,000.00, and a "Purchased Amount" of $434,700.00. Even though RMF purported to have purchased 15% of the Debtor's future accounts, RMF did not attempt to collect any of the Debtor's accounts directly from the account debtors, but instead relied upon the Debtor to collect its own accounts. Pre-petition, RMF was receiving daily payments through ACH withdrawals in the

5

amount of $4,347.00 per Business Day, with such ACH payments being taken from the Debtor's bank account. The RMF Agreement is signed by Steven L. Down under the title of "Owner" followed by a Social Security Number (presumably Steven L. Down's Social Security Number). The RMF Agreement also incorporates the terms of a "Security Agreement and Guaranty" whereby the Merchant (identified as "THE FALLS EVENT CENTER LLC") grants to RMF a security interest in and lien upon all accounts, including without limitation, all deposit accounts, accounts-receivable, and other receivables, chattel paper, documents, equipment, general intangibles, instruments and inventory to secure "Merchant's payment and performance obligations to RMF under the Merchant Agreement." A copy of the RMF Agreement (with the Social Security Number information redacted) is attached hereto as **Exhibit E** and incorporated herein.

Pursuant to the RMF Agreement and 11 U.S.C. § 552(b)(1), Debtor presumes that RMF claims an interest in the Debtor's pre-petition accounts receivable and in the cash the Debtor receives as proceeds of its pre-petition accounts receivable.

7. **Additional UCC Financing Statement Filing.** An additional UCC Financing Statement was filed on January 16, 2018, with the Utah Division of Corporations and Commercial Code, File No. 535300201822 (the "**January 16 UCC Filing**"), listing The Falls Event Center LLC as Debtor and "Corporation Service Company, as Representative" as Secured Party, with the following Collateral Description: "All Assets now owned or hereafter acquired and wherever located, including but not limited to, the following subcategories of assets: a. Accounts, including but not limited to, credit card receivables; b. Chattel Paper; c. Inventory; d. Equipment; e. Instruments, including but not limited to, Promissory Notes; f. Investment Property; g. Documents; h. Deposit Accounts; i. Letter of Credits Rights; j. General Intangibles; k. Supporting Obligations; and l. Proceeds and Products of the foregoing." A copy of the

6

January 16 UCC Filing is attached hereto as **Exhibit F** and incorporated herein. Because the January 16 UCC Filing lists "Corporation Service Company, as Representative" as Secured Party, it is unclear to the Debtor if the intended Secured Party under the January 16 UCC Filing is RCG or RMF or some other party.

8.  **Use Requirements.** As of the Petition Date, the Debtor's cash on hand totaled $35,803.47. The Debtor receives advance payment for its services, so it typically does not have any accounts receivable. In addition, due to the nature of its business, the Debtor generally does not have inventory on hand. Thus, the cash collateral in this case, as defined by the Bankruptcy Code, consists solely of the cash on hand.

The Debtor must use cash collateral in which GSL, RCG, and RMF may claim an interest in the ordinary course of the Debtor's business to pay ongoing and necessary operating expenses. The Debtor's cash flow projection for the period of July 16, 2018, through September 7, 2018, (the "**Budget**") is attached as **Exhibit G** and incorporated herein. The Budget sets forth the Debtor's projected (and preliminary) post-petition cash collections and cash requirements for that period.

9.  **Adequate Protection.** The Debtor proposes that the interests of GSL, RCG, and RMF be adequately protected by (1) granting replacement liens on the Debtor's post-petition receipts to the extent cash collateral is used and by requiring the Debtor to operate the Debtor's business as provided in the Budget (as it may be revised and expanded with Court approval through subsequent orders of this Court), subject to requirements of law and orders of this Court, and (2) by paying GSL, RCG, and RMF weekly interest payments at the rate of 5% (subject to the Debtor's right to argue GSL, RCG, and RMF do not have undisputed collateral rights that have been properly perfected).

Without use of cash collateral the Debtor will go out of business, and the payment sources available to GSL, RCG, and RMF (assuming they have valid secured claims) will dry up. Thus, continued operations, which require the use of cash collateral, are in the best interest of GSL, RCG, and RMF as well as the Debtor's other creditors and the bankruptcy estate generally.

10.  **Request for Bankruptcy Rule 4001(b)(2) Interim Order.**  The Debtor has immediate cash needs for the period set forth in the Budget. The expenses set forth in the Budget are essential to preserve the value of the Debtor's Chapter 11 estate and the collateral held by GSL, RCG and RMF (subject to the reservation of the Debtor's right to dispute that GSL, RCG and RMF have undisputed collateral rights that have been properly perfected). Pursuant to Bankruptcy Rule 4001(b)(2), the Debtor requests immediate interim authority, after the preliminary hearing on the Debtor's Motion, to use cash collateral through September 7, 2018, in the amounts shown in the Budget in order to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing on the Debtor's Motion.

11.  **Request for Final Hearing after Interim Hearing.**  The Debtor further requests a final hearing on the Debtor's Motion on a date fixed by the Court that is prior to September 7, 2018 (but no earlier than July 25, 2018, as mandated by Bankruptcy Rule 4001(b) and Local Rule 4001(b)), and, after such a hearing, the Debtor requests continued authorization to use cash collateral on the terms specified by the Court.

12.  **Notice.**  Telephonic notice of this motion and the preliminary hearing thereon has been given to GSL, RCG, RMF, and the Office of the United States Trustee. E-mail notification is being given to the entities listed on the Debtor's Schedule of 20 Largest Creditors and other parties in interest as indicated on the Certificate of Service attached hereto.

WHEREFORE the Debtor respectfully requests entry of the Interim Cash Collateral Order in the form attached hereto as **Exhibit A**, and such other and further relief as is just.

Respectfully submitted this 12th day of July, 2018.

RAY QUINNEY & NEBEKER P.C.

*/s/ Brent D. Wride*
Michael R. Johnson
David H. Leigh
Elaine A. Monson
Brent D. Wride
*Proposed General Bankruptcy and Litigation*
*Counsel for the Debtor in Possession*

1458945.01

## CERTIFICATE OF SERVICE

I hereby certify that July 13, 2018 a true and correct copy of the foregoing **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND PROVISION OF ADEQUATE PROTECTION** was electronically filed and therefore served via ECF on all parties that have entered an electronic appearance in this case.

In addition:

1.      On July 12, 2018, I provided telephonic notice of the Motion and of the preliminary hearing to Laurie Cayton of the Office of the United States Trustee. On July 13, 2018, a copy of the Motion was sent by electronic mail to Laurie Cayton, Laurie.Cayton@usdoj.gov. A copy was also mailed on July 13, 2018, by first class U.S. mail, postage prepaid to:

Laurie Cayton,
Office of the United States Trustee
405 South Main Street, #300
Salt Lake City, UT  84111

2.    On July 12, 2018, I provided telephonic notice of the Motion and the preliminary hearing to Steve at GTR Source. On July 13, 2018, a copy of the Motion was sent by electronic mail to steve@gtrsourcellc.com. A copy was also mailed on July 13, 2018, by first class U.S. mail, postage prepaid to:

> GTR Source LLC
> 111 John Street, Ste. 1210
> New York, NY 10038

3.    On July 12, 2018, I provided telephonic notice of the Motion and the preliminary hearing to John at Richmond Capital Group. John did not provide an e-mail address but requested instead that the papers be sent to Richmond Capital Group at the address on file with the Debtor. Accordingly, on July 13, 2018, a copy of the Motion was mailed by first class U.S. mail, postage prepaid to:

> Richmond Capital Group, LLC
> 111 John Street, Ste. 1210
> New York, NY 10038

4.    On July 12, 2018, I left a voice-mail message for Richmond Funding notifying it of the Motion and the preliminary hearing. On July 13, 2018, I sent a copy of the Motion by Federal Express, *next-day delivery,* to:

> Richmond Funding
> 30 Broad Street, 14th Floor, Suite 14108
> New York, NY 10004

5.    On July 13, 2018, a copy of the Motion was sent by electronic e-mail to the 20 largest unsecured creditors, as listed in the *List of Creditors Who Have the 20 Largest Unsecured Claims*, which was filed with the Court on July 11, 2018 [Doc. 2], at the following e-mail addresses:

| Johnson, Bruce & Piega Delaney | brucej@brucejohnson.com |
| Stickel, Walt & Esther | walt@waltstickel.com |

| Liu, Meilin | 1liumeilin@gmail.com |
|---|---|
| Ahangarzadeh, Mansour & Lupita | mahangarzadeh@hotmail.com |
| Vuong, Van & Cindy | vuon0005@yahoo.com |
| Pulley, Brent | 007bpd@gmail.com |
| Young, Julie & Walter Grevesmuhl | julie@julieyoungdds.com |
| Olson, Dennis & Jane | dennisolson@cox.net |
| Theobald, John & Susan | jtheobald8@cox.net |
| Williams, Kevin & Matti | matti@kamaj.com |
| Miller, Richard & Mary Kay | rpmkmiller@charger.net |
| Moller, Dick & Lisa | adigitaldoc@gmail.com |
| Malone, Mike & Alma | mike@mikemalonedds.com |
| Mathews, Michael & Robbie | rsmathews1970@gmail.com |
| Franklin, Elbert & Kathy | elbertkathy@hotmail.com |
| Filippi, Woody & Jeanette | bitedr@cox.net |
| Stang, Michelle | justpinkaboutit@yahoo.com |
| Skovmand, Brent & Judy | bskovmanddds@gmail.com |
| Clay, Tim and Barbara | clayorganicseeds@gmail.com |
| IRA Services Trust Company | info@iraservices |

Dated this 13th day of July, 2018.

RAY QUINNEY & NEBEKER P.C.

*/s/ Brent D. Wride*
Brent D. Wride
*Proposed General Bankruptcy and Litigation
Counsel for the Debtor in Possession*