Michael R. Johnson (7070)
David H. Leigh (9433)
Elaine A. Monson (5523)
Brent D. Wride (5163)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, UT  84111
(801) 532-1500
mjohnson@rqn.com
dleigh@rqn.com
emonson@rqn.com
bwride@rqn.com

*Proposed Counsel for the Debtor in Possession*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**THE FALLS EVENT CENTER LLC,** a Utah limited liability company,<br><br>Address:   9067 S 1300 W, #301<br>               West Jordan, UT  84088,<br><br>Tax I.D. No. 90-1023989,<br><br>Debtor in Possession. | Bankruptcy Case No. 18-25116<br><br>Chapter 11<br><br>Honorable Kimball Mosier<br><br>[Filed Electronically] |

**MOTION FOR ORDER AUTHORIZING PAYMENT OF
PRE-PETITION EMPLOYEE WAGES AND RELATED EXPENSES**
_____

The Falls Event Center, LLC, the debtor in possession (the "**Debtor**"), submits this motion (the "**Motion**") seeking authority, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), to pay certain prepetition accrued wages and related expenses.  In support of the above, the Debtor respectfully represents as follows:

1

**BACKGROUND**

1. On July 11, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue in this district is proper for this case and for the Motion pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief sought herein are §§ 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6004 and 9014.

6. No trustee or examiner has been appointed herein.

**THE DEBTOR'S PREPETITION EMPLOYEE OBLIGATIONS**

7. The Debtor employs approximately 225 full-time and part-time, hourly and salaried employees (collectively the "**Employees**"). These Employees include sales personnel, technical support staff, office staff, and other personnel.

8. Some of the Employees also receive employee benefits as part of their compensation.

9. It is in the best interests of the Debtor's estate to honor all of the pre-petition accrued compensation and employee benefits to the extent the Debtor deems it practicable and desirable, on a day-to-day basis, in the ordinary course of business.

10. Certain tax payments are also due to third parties related to the employee compensation, and it is in the best interests of the Debtor's estate that these tax payments also be made in the ordinary course of the Debtor's business.

11. The Debtor utilizes the ADP payroll services, which pays the Employees by check or direct deposit into their personal bank accounts.

12. The Debtor pays employees on the 5th day of the month (covering the pay period that begins on the 16th and ends at the end of the month) and on the 20th day of the month (covering the pay period that begins on the 1st and ends on the 15th day of the month). The last regular payroll paid by the Debtor to Employees was on July 6, 2018 (this payroll was paid one day after the typical pay period). This case was commenced during the normal course of the Debtor's payroll period that began on July 1, 2018, and ended on July 15, 2018.

13. The Debtor's next payroll is due on July 20, 2018, and it covers the pay period from July 1, 2018 to July 15, 2018. Thus, the July 20th Payroll covers ten days of prepetition wages and compensation. It is estimated that the July 20, 2018 payroll will total approximately $144,000 of which no more than $100,000 constitutes the pre-petition wages and compensation owed. This amount was included in the budget attached as Exhibit G to the Debtor's Emergency Motion for Order Authorizing Use of Cash Collateral and Provision of Adequate Protection (the "**Cash Collateral Motion**") [Dkt. No. 6], which motion and budget were preliminarily approved by the Court through August 2nd.

14. To minimize the personal hardship that the Employees will suffer if wages and compensation are not paid and to maintain employee morale which is critical to the Debtor's reorganization efforts, the Debtor is seeking authority to honor all of its obligations to its Employees for the July 20, 2018 payroll including the ten days of prepetition wages and compensation that are due and owing.

15. It is critical that the Debtor retain its employees because its runs event centers where weddings, corporate gatherings, and other events are held. The Debtor also has a water park that must be staffed and requires a minimum number of lifeguards to remain open. If the

3

payroll is not paid, the Debtor runs a serious risk of some of its employees leaving, which could seriously harm the Debtor if it is not able to properly staff the events that have been scheduled or if it is not able to run the water park.

16. If any employees did not cash their previous payroll checks before the Petition Date, the Debtor also requests authority to honor those checks for the same reasons.

17. No employee is owed more than the $12,850 priority claim limitation provided in section 507(a)(4) of the Bankruptcy Code for amounts earned within 180 days before the Petition Date.

18. The Debtor pays various local, state, and federal taxing authorities for Employees for employment-related taxes. As of the Petition Date, there payroll taxes for the July 5th payroll were due. This amount was included in the budget attached as Exhibit G to the Cash Collateral Motion, which was preliminarily approved by the Court through August 2nd. In addition, taxes will become due for ten days of unpaid pre-petition wages. The Debtor requests authority to pay the unpaid payroll taxes due for wages already paid to Employees, calculate taxes due on unpaid prepetition wages, and to make those payments to appropriate taxing authorities.

19. An amount was due to ADP for processing the July 5th payroll, and this amount must be paid in order for ADP to process the July 20th payroll, This amount was included in the budget attached as Exhibit G to the Cash Collateral Motion, which was preliminarily approved by the Court through August 2nd. The Debtor seeks authority to pay ADP the amount required for processing the July 5th payroll, as well as the pre-petition portion of the July 20th payroll.

20. The relief requested herein shall not constitute nor be deemed an assumption or an authorization to assume, pursuant to section 365 of the Bankruptcy Code, any of the employment plans, policies, programs, and agreements to which the Debtor is or may be a party.

4

**ARGUMENT**

**PAYMENT OF EMPLOYEE PREPETITION WAGES, SALARIES, AND BENEFITS IS AUTHORIZED BY THE NECESSITY-OF-PAYMENT RULE AND BANKRUPTCY CODE SECTION 507(a)(4) and (a)(5)**

It is well established that the Bankruptcy Court is a court of equity and that its proceedings are inherently proceedings in equity. *See Young v. Higbee Co.,* 324 U.S. 204, 214, 65 S.Ct. 594, 599, 89 L.Ed. 890 (1945); *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Local Loan Co. v. Hunt*, 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934); *In re Jewish Memorial Hospital*, 13 B.R. 417, 419 (Bankr. S.D.N.Y. 1981). Accordingly, "the Bankruptcy Court has the power to sift the circumstances surrounding any claim to see that injustice and unfairness is not done in the administration of the bankrupt estate." *Jewish Memorial Hospital*, 13 B.R. at 419 (citing, *Pepper v. Litton*, 208 U.S. at 308).

11 U.S.C. § 105(a) permits courts to approve immediate payment of pre-petition priority claims where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors, specifically including payment of the pre-petition claims of employees. *See In re Chateaugay Corp.*, 80 B.R. 279, 286-88 (S.D.N.Y. 1987), *appeal dismissed*, 838 F.2d 59 (2d Cir. 1988) (authorizing payment of pre-petition wages, salaries, expenses and benefits); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989) (authorizing payment of pre-petition wages, salaries, reimbursable business expenses and health benefits); *See In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989).

Further, courts have allowed immediate payment of certain pre-petition obligations pursuant to § 363(b) of the Bankruptcy Code through the application of what is commonly referred to as the "necessity-of-payment rule." Under the necessity-of-payment rule, a court can authorize a debtor to pay prepetition claims where "such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989)

5

Document      Page 6 of 9

(finding that a sound business justification existed to justify payment of pre-petition wages; *Burchinal v. Cent. Wash. Bank (In re Adams Apple, Inc.*, 829 F.2d 1484, 1490 (9th Cir. 1987) ("unequal treatment of pre-petition debts when necessary for rehabilitation" is appropriate); *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A Phillips, Inc.*), 29 B.R. 391, 398 (S.D.N.Y. 1983) (relying on § 363 to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors); *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that bankruptcy court may authorize payment of prepetition claims if such payment is essential to continued operation of debtor.)

Section 507(a)(4) of the Bankruptcy Code, grants a debtor's employees' claims for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned within 180 days before the date of filing unsecured priority status to the extent of $12,850 per employee. 11 U.S.C. § 507(a)(4). Congress established these priorities to relieve employees, who may depend on weekly paychecks for the necessities of life, from at least part of the hardships that result when their employer files a bankruptcy petition.

In discussing these priorities for wages and benefits, Congress indicated that the priorities established in section 507

> [do] not require that the claims listed be paid temporally [sic] in the order listed. For example, if it is clear that there are adequate assets in the estate to pay all priority creditors through the fourth or fifth priority, it would be appropriate to pay wage claims as soon as practicable, even before all administrative expenses were determined, because most employees that worked for the failing enterprise will need the money they receive in payment of their claims to live on.

H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 357-58 (1977).

The Debtor currently has approximately 225 Employees . Payment of prepetition accrued wages in amounts up to $12,850 to each of these individuals would result in payment less than $100,000. Accordingly, the Debtor respectfully submits that the Court may rely, as other courts have, on section 507 in authorizing the Debtor to pay the compensation obligations set forth herein. Courts have consistently allowed a debtor to make payments to its employees for pre-petition wages to the extent such payments do not exceed the priority amount set forth in section 507 of the Bankruptcy Code. *See e.g., Chateaugay*, 80 B.R. 279, 287 (Bankr. S.D.N.Y. 1987) (court stated that an inflexible application of the priority structure of section 507 of the Bankruptcy Code would be inconsistent with the fundamental purpose of a chapter 11 reorganization and with the equitable powers granted to bankruptcy judges under the Bankruptcy Code). *In re Sharon Steel Corp.*, 159 B.R. 730 (Bankr. W.D. Pa. 1993) (the bankruptcy court authorized the debtor's payment of prepetition wage claims).

The rationale in making these payments to a debtor's employees is that the payments to them are necessary "to permit the effectuation of the rehabilitative purposes of the Bankruptcy Code." *Sharon Steel Corp.*, 159 B.R. at 736. *See Ionosphere*, 98 B.R. at 176-177.

The Debtor's Employees are a critical component of the Debtor's successful reorganization. Any deterioration in employee morale and welfare at this critical time undoubtedly would have a devastating impact on the Debtor, the value of its assets and businesses, and ultimately the Debtor's ability to reorganize. Accordingly, the relief sought hereby is in the best interest of the Debtor's estate and its creditors, and it will allow the Debtor to continue to operate its business with minimal disruption and proceed with the important task of stabilizing its operations.

**CONCLUSION**

Based on the foregoing, the Debtor's respectfully requests that the Court enter an order, authorizing pursuant to sections 105(a) and/or 363(b) of the Bankruptcy Code, payment of prepetition Employee wages and compensation, related pre-petition taxes, and processing fees for the July 5th payroll and the pre-petition portion of the July 20th payroll, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of July, 2018.

/s/ Brent D. Wride
Brent D. Wride
RAY QUINNEY & NEBEKER P.C.
*Proposed General Bankruptcy and Litigation*
*Counsel for the Debtor in Possession*

1459507

**CERTIFICATE OF SERVICE**

I hereby certify that July 16, 2018 a true and correct copy of the foregoing **MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION EMPLOYEE UNION BENEFITS** was electronically filed and therefore served via ECF on all parties that have entered an electronic appearance in this case.

In addition, a copy of the motion was sent by **electronic mail** on July 18, 2018, to:

The U.S. Trustee
Laurie Cayton, Laurie.Cayton@usdoj.gov.

and to the 20 largest unsecured creditors, as listed in the *List of Creditors Who Have the 20 Largest Unsecured Claims*, which was filed with the Court on July 11, 2018 [Doc. 2], at the following e-mail addresses:

8

| | |
|---|---|
| Johnson, Bruce & Piega Delaney | brucej@brucejohnson.com |
| Stickel, Walt & Esther | walt@waltstickel.com |
| Liu, Meilin | 1liumeilin@gmail.com |
| Ahangarzadeh, Mansour & Lupita | mahangarzadeh@hotmail.com |
| Vuong, Van & Cindy | vuon0005@yahoo.com |
| Pulley, Brent | 007bpd@gmail.com |
| Young, Julie & Walter Grevesmuhl | julie@julieyoungdds.com |
| Olson, Dennis & Jane | dennisolson@cox.net |
| Theobald, John & Susan | jtheobald8@cox.net |
| Williams, Kevin & Matti | matti@kamaj.com |
| Miller, Richard & Mary Kay | rpmkmiller@charger.net |
| Moller, Dick & Lisa | adigitaldoc@gmail.com |
| Malone, Mike & Alma | mike@mikemalonedds.com |
| Mathews, Michael & Robbie | rsmathews1970@gmail.com |
| Franklin, Elbert & Kathy | elbertkathy@hotmail.com |
| Filippi, Woody & Jeanette | bitedr@cox.net |
| Stang, Michelle | justpinkaboutit@yahoo.com |
| Skovmand, Brent & Judy | bskovmanddds@gmail.com |
| Clay, Tim and Barbara | clayorganicseeds@gmail.com |
| IRA Services Trust Company | info@iraservices |

*/s/ Patricia Brown*