Michael R. Johnson (7070)
David H. Leigh (9433)
Elaine A. Monson (5523)
Brent D. Wride (5163)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, UT 84111
(801) 532-1500
mjohnson@rqn.com
dleigh@rqn.com
emonson@rqn.com
bwride@rqn.com

*Proposed Counsel for the Debtor in Possession*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**THE FALLS EVENT CENTER LLC,** a Utah limited liability company,<br><br>Address:  9067 S 1300 W, #301<br>             West Jordan, UT 84088,<br><br>Tax I.D. No. 90-1023989,<br><br>Debtor in Possession. | Bankruptcy Case No. 18-25116<br><br>Chapter 11<br><br>Honorable Kimball Mosier<br><br>[Filed Electronically] |

*EX PARTE* **MOTION FOR AN ORDER SHORTENING TIME FOR NOTICE OF, THE TIME TO OBJECT TO, THE HEARING ON, AND LIMITING THE SERVICE REQUIREMENTS FOR THE DEBTOR'S MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION EMPLOYEE WAGES AND RELATED EXPENSES**

---

Pursuant to 11 U.S.C. § 105, Federal Rule of Bankruptcy Procedure 9006 and Bankr. D. Ut. LBR 9006-1, The Falls Events Center, LLC (the "**Debtor**"), respectfully moves this Court, *ex parte*, for an Order shortening the time for notice of, the time to object to, the hearing on, and limiting the service requirements for the Debtor's **MOTION FOR ORDER AUTHORIZING**

1

**PAYMENT OF PRE-PETITION EMPLOYEE WAGES AND RELATED EXPENSES** (the "**Employee Wages Motion**").

In particular, the Debtor respectfully requests in this *ex parte* motion that the Court (a) shorten the time for filing and serving responses to the Employee Wages Motion, such that responses must be filed and served upon counsel for the Debtor by no later than Thursday, July 19, 2018 at 9:30 a.m., (b) conduct a hearing on the Employee Wages Motion and any responses or objections related thereto on Thursday, July 19, 2018 at the hour of 10:00 a.m. and (c) limit the service requirements with respect to the Employee Wages Motion to the U.S. Trustee, the list of twenty unsecured creditors, and any party that has registered as an ECF filer or requested notice in the Case. The Employee Wages Motion was filed on July 18, 2018.

In support of this *ex parte* motion, the Debtor respectfully states as follows:

**I.    JURISDICTION.**

This Court has jurisdiction to hear and decide this *ex parte* motion pursuant to 28 U.S.C. §§ 1334 and 157. The relief requested herein is permissible under 11 U.S.C. § 105, Federal Rule of Bankruptcy Procedure 9006, and LBR 9006-1.

**II.    BACKGROUND/GROUNDS FOR SHORTENING TIME.**

1. The Employee Wages Motion to which this *ex parte* motion relates requests that certain pre-petition employee wages, benefits, and payments owed to taxing authorities or other third parties be approved by the Court.

2. The Debtor requests that the Employee Wages Motion be decided on an expedited basis because payroll is due to be paid on July 20, 2018, and ten days of the wages to be paid are for work that was performed pre-petition.

3. To minimize the personal hardship that the hourly and salaried employees will suffer if salaries are not paid and to maintain employee morale which is critical to the Debtor's

reorganization efforts, the Debtor is seeking authority to honor all of its obligations to its hourly and salaried employees for the July 20, 2018 payroll including the prepetition wages that are due and owing.

4. Indeed, it is critical that the wages be paid so that the Debtor can retain its employees. The Debtor runs event centers where weddings, corporate gatherings, and other events are held. The Debtor also has a water park in Oregon that must be staffed and requires a minimum number of lifeguards to remain open. If the payroll is not paid, the Debtor runs a serious risk that some of its employees could leave which could seriously harm the Debtor if it is not able to properly staff the events that have been scheduled or run the water park.

5. The Debtor understands that the Court has the time necessary to consider the Employee Wages Motion at a hearing on Thursday, July 19, 2018, at 10:00 a.m.

### III. RELIEF REQUESTED/GROUNDS FOR SHORTENING OF TIME.

6. Local 9006-1 provides that a "moving party shall provide at least 14 days' written notice of the deadline to file an objection or response to [a] motion."

7. Thus, under the general timing rules for notice established by the Court, any response to the Employee Wages Motion would otherwise not even be due until August 1, 2018, after service by mail or via the Court's ECF noticing system. Moreover, given the size of the current mailing matrix notice by email or hand-delivery is not feasible.

8. Pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1) and LBR 9006-1, and except with respect to certain matters not relevant here, the Court may shorten the time for service and notice in a bankruptcy case "for cause shown."

9. The Debtor submits that substantial cause exists to shorten the time for notice of, the deadline for filing responses to, the hearing on, and limiting the service requirements for the

Employee Wages Motion for the reasons set forth above. The Debtor also believes this is a relatively non-controversial motion.

10. Based upon the foregoing, the Debtor hereby respectfully requests the entry of an Order from this Court granting him the following *ex parte* relief:

(a) Establishing <u>Thursday, July 19, 2018 at 9:30 a.m. (MST)</u> as the deadline for parties in interest to file and serve any responses or objections to the Employee Wages Motion, with any objections or responses to be filed with the Court and served upon counsel for the Debtor;

(b) Establishing <u>Thursday, July 19, 2018 at 10:00 a.m. (MST)</u>, or as soon thereafter as the motion may be heard, as the date and time for hearing on the Employee Wages Motion, and

(c) Limiting the service requirements for the Employee Wages Motion to the U.S. Trustee, the list of twenty unsecured creditors, and any party that has registered as an ECF filer or requested notice in the Case.

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that the Court find good cause for granting this *ex parte* motion, that it enter an order granting the relief requested above, and that it grant the Debtor such other and further relief as it deems just and proper.

DATED this 18th day of July, 2018.

                                                              RAY QUINNEY & NEBEKER P.C.

                                                              */s/ Brent D. Wride*
                                                              Brent D. Wride
                                                              *Proposed Counsel for the Debtor in Possession*

1459595