Michael R. Johnson (7070)
David H. Leigh (9433)
Elaine A. Monson (5523)
Brent D. Wride (5163)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, UT  84111
(801) 532-1500
mjohnson@rqn.com
dleigh@rqn.com
emonson@rqn.com
bwride@rqn.com

*Proposed Counsel for the Debtor in Possession*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**THE FALLS EVENT CENTER LLC**, a Utah limited liability company,<br><br>Address:   9067 S 1300 W, #301<br>                   West Jordan, UT  84088,<br><br>Tax I.D. No. 90-1023989,<br><br>Debtor. | Bankruptcy Case No. 18-25116<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>[Filed Electronically] |

**APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY RAY QUINNEY & NEBEKER P.C. AS ITS GENERAL BANKRUPTCY AND LITIGATION COUNSEL**

The Falls Event Center LLC, the Debtor in this Chapter 11 case (the "**Debtor**"), hereby

moves the Court for an order authorizing the Debtor to retain and employ Ray Quinney &

Nebeker P.C. ("**RQN**") as its general bankruptcy and litigation counsel in accordance with 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014.

In support of this application, the Debtor states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327 and 330 of Title 11 of the United States Code, and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

3. No prior application has been filed for the relief requested herein.

## BACKGROUND

4. On July 11, 2018 (the "**Petition Date**"), the Debtor filed its voluntary petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

5. The Debtor is operating as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

## RETENTION OF RAY QUINNEY & NEBEKER PC AS COUNSEL

6. By this application, the Debtor seeks to employ and retain, pursuant to sections 327(a) and 328 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, RQN as its general bankruptcy and litigation counsel to perform legal services that will be necessary in this Chapter 11 case.

7. The Debtor has selected RQN to serve as its counsel because RQN has extensive experience and knowledge of bankruptcy, business reorganization, and debtor/creditor matters. In addition, certain attorneys at RQN have extensive experience and knowledge in other areas of law, such as corporate, banking, and tax law, which are likely to be involved in this case. Accordingly, RQN has the necessary background to deal effectively with issues that may arise on the context of the Debtor's chapter 11 case.

8. RQN is both well-qualified and uniquely able to represent the Debtor in this chapter 11 case in an efficient, effective, and timely manner. RQN's retention is necessary and in the best interests of the estate in the above-captioned case and should be approved.

9. As set forth in the attached *Declaration of Brooks Pickering in Support of the Application of the Debtor for Entry of an Order Authorizing the Debtor to Retain and Employ Ray Quinney & Nebeker as its General Bankruptcy and Litigation* Counsel, which is attached hereto as Exhibit A and incorporated herein, the Debtor is managed by Brooks Pickering. Mr. Pickering and his team have extensive experience retaining and working with bankruptcy lawyers, and Mr. Pickering is familiar with the rates of bankruptcy and non-bankruptcy lawyers for the type of services that will be needed in this case. As set forth in Exhibit A, Mr. Pickering has reviewed RQN's rates and compared them with those of other bankruptcy and non-bankruptcy practitioners. Because of his experience in other matters, it was not necessary for Mr. Pickering to interview other firms in this particular matter.

10. None of the rates charged by RQN are above customary rates.

11. The Debtor has internal procedures in place to supervise and control fees and costs in this case. For example, all invoices will be reviewed and approved by Mr. Pickering. The Debtor has requested that RQN provide detailed billing records and invoices to the Debtor on a monthly basis. The Debtor will contact RQN to discuss any discrepancies, concerns, errors, or inappropriate charges.

12. RQN has indicated its willingness to represent the Debtor in this case, to render the services, and to be compensated as set forth below.

## **SERVICES TO BE RENDERED**

13. The services of attorneys are necessary to enable the Debtor to reorganize and restructure the Debtor's estate and its related businesses. RQN may be required to render all or some of the following services to the Debtor:

   a. Investigating the assets, liabilities, and financial affairs of the estate, including the assets, liabilities, and financial affairs of various entities which are owned by, controlled by, or affiliated with the Debtor;

   b. Preparing on behalf of the Debtor any necessary motions, applications, answers, orders, reports, and papers as required by applicable bankruptcy or non-bankruptcy law, dictated by the demands of the case, or required by the Court, and to represent the Debtor in proceedings or hearings related thereto;

   c. Assisting the Debtor in analyzing and pursuing possible business reorganizations and/or liquidations;

   d. Assisting the Debtor in analyzing and pursuing any proposed dispositions of assets of the Debtor's estate;

   e. Pursuing claims and causes of action of the estate;

   f. Defending the Debtor and the estate in any litigation matters which may be asserted, including the defense of motions seeking relief from the automatic stay;

4

    g.    Reviewing, analyzing, and advising the Debtor regarding claims or causes of action to be pursued on behalf of the bankruptcy estate;

    h.    Assisting the Debtor in providing information to creditors and other parties in interest;

    i.    Reviewing, analyzing, and advising the Debtor regarding the retention of any further professionals that may be necessary to investigate and analyze assets of the estate;

    j.    Reviewing, analyzing and advising the Debtor regarding fee applications or other issues involving professional compensation in the chapter 11 case;

    k.    Preparing and advising the Debtor regarding any chapter 11 plan filed by the Debtor and advising the Debtor regarding possible chapter 11 plans filed by other constituents in the chapter 11 case;

    l.    Advising the Debtor regarding the possible conversion of this case to Chapter 7;

    m.    Assisting the Debtor in negotiations with various creditor constituencies regarding treatment, resolution, and payment of creditor claims;

    n.    Reviewing and analyzing the validity of claims filed, and advising the Debtor as to the filing of objections to claims, if necessary;

    o.    Providing necessary corporate and tax advice as may be necessary concerning the Debtor and various entities owned by, controlled by, or affiliated with the Debtor;

    p.    Providing continuing legal advice with respect to the bankruptcy estate, litigation, and all other legal matters; and

    q.    Performing all other necessary legal services as may be required by the needs of the Debtor in the above-captioned case.

## **RAY QUINNEY & NEBEKER HOLDS NO ADVERSE INTEREST**

14.    RQN has stated its desire and willingness to render the necessary professional services in this case as counsel to the Trustee. Attached hereto as Exhibit B is the Declaration of Brent D. Wride (the "**Wride Declaration**"). The Wride Declaration is incorporated herein by

this reference. All known connections to the Debtor, its creditors, or any party in interest are set forth in the Wride Declaration and incorporated herein by reference.

15. To the best of the Debtor's knowledge, RQN and its attorneys are disinterested persons as provided in sections 101(14) and 327 and do not represent or hold an undisclosed interest adverse to the interest of the Debtor or the estate.

16. The Debtor has been apprised of the fact that certain creditors and other interested parties in this case are current clients of RQN. As set forth in the Wride Declaration, in the event that the Debtor must take adverse actions with respect to a current client of RQN in this case and RQN would be precluded by applicable law or the Rules of Ethics from representing the Debtor in such matters, the Debtor would retain special counsel to represent the Debtor and the estate in such matters, and RQN would not be involved in such matters.

## **COMPENSATION**

17. The Debtor desires to employ RQN with reasonable compensation to be based upon RQN's normal hourly rates in matters of this type, subject to all necessary approvals of the Court. The Debtor provided RQN with a pre-petition retainer in the amount of $32,123.50. The Debtor understands that RQN will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and local rules and orders of this Court for all services performed and expenses incurred.

18. The team of RQN shareholders and directors who will assist in representing the Debtor on various matters include the following attorneys, whose standard hourly rates for 2018 are as follows:

> Michael R. Johnson, $400
> David H. Leigh, $360
> Elaine A. Monson, $305
> Douglas M. Monson, $365
> Brent D. Wride, $355

Other attorneys and paralegals may assist in performing services in this case, and RQN will consistently strive to have work performed in the most cost-efficient way possible. The hourly rates for other professionals likely to perform services in this case for calendar year 2018 are:

> Shareholders: $275 to $360
> Associates: $185 to $270
> Paralegals: $115 to $160

19. RQN's billing rates are subject to adjustment and increase as necessary or appropriate, which adjustments and increases typically become effective on February 1st of each calendar year. Unless expressly disallowed by the Court, RQN will increase its hourly billing rates in this matter effective as of February 1st of each calendar year, if necessary and appropriate, by no more than $10.00 per hour per attorney or paralegal per each calendar year.

20. RQN maintains detailed records of any actual and necessary expenses for which it may seek reimbursement. RQN will seek reimbursement for its non-overhead, identifiable expenses incurred in connection with this case.

21. The professionals rendering services will also keep detailed records in connection with such services as required by the Bankruptcy Code. Time will be recorded in increments of

7

$1/10^{th}$ of an hour, and all attorneys and paralegals will be required to keep detailed time records in connection with services rendered herein.

22.     RQN has not entered into any agreement to share compensation that may be awarded to it for services rendered in this case except as permitted under section 504(b) of the Bankruptcy Code.

23.     No previous request for the relief sought herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that (a) it be authorized, pursuant to 11 U.S.C. § 327, and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ the law firm of Ray Quinney & Nebeker P.C. as its bankruptcy counsel to represent it in this Chapter 11 case, with such employment being effective as of July 11, 2011; and (b) the Court grant such other and further relief as this Court deems just and necessary.

DATED this 19th day of July, 2018.

              THE FALLS EVENT CENTER LLC

                /s/ Brooks Pickering
              By:  Brooks Pickering, Manager

AGREED TO:         RAY QUINNEY & NEBEKER P.C.

               /s/ Brent D. Wride
              Brent D. Wride
              *Proposed General Bankruptcy and Litigation*
              *Counsel for the Debtor*

1458879

**CERTIFICATE OF SERVICE**

I hereby certify that July 19, 2018 I electronically filed the foregoing **APPLICATION OF THE FALLS EVENT CENTER LLC (THE DEBTOR) FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY RAY QUINNEY & NEBEKER P.C. AS ITS GENERAL BANKRUPTCY AND LITIGATION COUNSEL** I with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, including the United States Trustee, are registered CM/ECF users and will be served through the CM/ECF system:

- **Laurie A. Cayton tr**    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- **Michael R. Johnson**    mjohnson@rqn.com, docket@rqn.com;dburton@rqn.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov
- **Brent D. Wride**    bwride@rqn.com, docket@rqn.com;pbrown@rqn.com

/s/Carrie Hurst

1458879

# EXHIBIT A

Michael R. Johnson (7070)
David H. Leigh (9433)
Elaine A. Monson (5523)
Brent D. Wride (5163)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, UT  84111
(801) 532-1500
mjohnson@rqn.com
dleigh@rqn.com
emonson@rqn.com
bwride@rqn.com

*Proposed Counsel for the Debtor in Possession*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**THE FALLS EVENT CENTER LLC**, a Utah limited liability company,<br><br>Address:  9067 S 1300 W, #301<br>West Jordan, UT  84088,<br><br>Tax I.D. No. 90-1023989,<br><br>Debtor. | Bankruptcy Case No. 18-25116<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>[Filed Electronically] |

**DECLARATION OF BROOKS PICKERING IN SUPPORT OF THE APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY RAY QUINNEY & NEBEKER P.C. AS ITS GENERAL BANKRUPTCY AND LITIGATION COUNSEL**

I, Brooks Pickering, being of lawful age, declare and state as follows:

1.  This declaration is based upon my personal knowledge of the facts set forth herein.

2.  I make this declaration in support of the application of The Falls Event Center LLC (the "**Debtor**") to employ and retain the law firm of Ray Quinney & Nebeker P.C. and its attorneys (collectively, "**RQN**") as its general bankruptcy and litigation counsel in this Chapter 11 case, in accordance with 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

3.  I am the restructuring officer and manager of the Debtor.

4.  I have extensive experience retaining and working with bankruptcy and non-bankruptcy attorneys, and I am familiar with the rates that bankruptcy and non-bankruptcy lawyers charge for the type of services that will be needed in this case. I have reviewed RQN's rates and compared them with those of other bankruptcy and non-bankruptcy practitioners.

5.  None of the rates charged by RQN are above customary rates.

6.  Because of my experience in other cases, it was not necessary to interview other firms.

7.  The Debtor has internal procedures in place to supervise and control fees and costs in this case. I have requested that RQN provide detailed billing records and invoices to the Debtor on a monthly basis. I will review all such invoices, and the Debtor will contact RQN to discuss any discrepancies, concerns, errors, or inappropriate charges.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

        EXECUTED ON this 19th day of July, 2018 in Salt Lake City, Utah.

_____
Brooks Pickering

1459149

3

# EXHIBIT B

Michael R. Johnson (7070)
David H. Leigh (9433)
Elaine A. Monson (5523)
Brent D. Wride (5163)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, UT  84111
(801) 532-1500
mjohnson@rqn.com
dleigh@rqn.com
emonson@rqn.com
bwride@rqn.com

*Proposed Counsel for the Debtor in Possession*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**THE FALLS EVENT CENTER LLC**, a Utah limited liability company,<br><br>Address:  9067 S 1300 W, #301<br>　　　　　West Jordan, UT  84088,<br><br>Tax I.D. No. 90-1023989,<br><br>Debtor. | Bankruptcy Case No. 18-25116<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

**DECLARATION OF BRENT D. WRIDE IN SUPPORT OF THE APPLICATION OF THE FALLS EVENT CENTER LLC (THE DEBTOR) FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY RAY QUINNEY & NEBEKER P.C. AS ITS GENERAL BANKRUPTCY AND LITIGATION COUNSEL**

I, Brent D. Wride, being of lawful age, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts set forth herein and/or upon my review of the business records of my law firm, Ray Quinney & Nebeker P.C., which are maintained by the firm in the ordinary course of its business.

2. I make this declaration in support of the application of The Falls Event Center LLC (the "**Debtor**") to employ and retain the law firm of Ray Quinney & Nebeker P.C. and its attorneys (collectively, "**RQN**") as its general bankruptcy and litigation counsel in this Chapter 11 case, in accordance with 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

3. I am a member in good standing of the Utah State Bar, and I am a Shareholder and Director of RQN.

4. RQN maintains an office at 36 South State Street, 14th Floor; Salt Lake City, Utah. It also maintains an office in Provo, Utah.

5. In order to determine all connections of RQN and its attorneys to the Debtor and this case, RQN has performed a search by e-mail within the firm to all attorneys and employees in the firm, as well as an electronic search of its databases with respect to the Debtor and all creditors, persons, and entities identified or named on the following documents on file with the Court: (a) the *List of Equity Security Holders*, which was filed with the Court on July 11, 2018 [Doc. 4], (b) the *List of Creditors Who Have the 20 Largest Unsecured Claims*, which was filed with the Court on July 11, 2018 [Doc. 2], (c) the official mailing matrix for this case as of July 11, 2018.

6. It is my understanding that the foregoing documents identify all known investors and creditors of either the Debtor or entities that are owned or controlled by the Debtor.

7. To the best of my knowledge, RQN does not have any connections with the Court or the Office of the United States Trustee that would prohibit employment under Rule 5002 of the Federal Rules of Bankruptcy Procedure.

8. RQN is a large law firm with offices located in Salt Lake City and Provo, and with more than 90 shareholders and associates. As such, RQN has relationships with numerous clients, some of which may be creditors of the Debtor or entities owned or controlled by the Debtor, or otherwise may be parties in interest in this case. However, RQN has not represented and will not represent any such party on any matter adverse to this bankruptcy estate. Also, there may be unrelated matters in which RQN has provided and will provide services in the near future to various creditors of the estate. In my opinion, these current and future representations do not constitute an interest materially adverse to the bankruptcy estate of the Debtor.

9. Based upon the searches referenced in paragraph 5 above and other information obtained by me, I believe that RQN does not have any direct or indirect relationship to, connection with, interest in or conflict of interest concerning the bankruptcy estate, the Debtor, any entities controlled by the Debtor, any creditors of the Debtor, any other party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as otherwise set forth below.

### CONNECTIONS OF RQN TO CREDITORS AND PARTIES IN INTEREST

In addition to any connections set forth above, RQN has the following connections to those creditors and parties in interest identified in the documents referenced in paragraph 5 above:

10. <u>Michael and Regina Johnson</u>: RQN performed estate-planning services in 2016 for Michael and Regina Johnson. These services were totally unrelated to the Debtor or this case.

11. <u>Utilities</u>: RQN represents Rocky Mountain Power and Questar in a variety of matters. None of these matters is related to the Debtor or this case. In addition, RQN has been informed by the Debtor that the Debtor is current in its payments to the utility companies..

12.   In my opinion, none of the connections disclosed above creates or constitutes an interest materially adverse to the bankruptcy estate in this case, nor do they adversely affect RQN's disinterestedness under section 327(a) of the Bankruptcy Case.

13.   Moreover, as noted above, to the extent that any issues arise in the future with respect to any of the connections disclosed above, RQN understands that the Debtor would intend to resolve those issues by engaging special counsel to represent the Debtor and the estate with respect to such issues.

14.   RQN is willing to act in this case and render the necessary professional services as counsel for the Debtor.

15.   To the best of my knowledge, formed after reasonable inquiry, RQN does not have any connection with the Debtor, any entity owned or controlled by the Debtor, creditors of or investors in the Debtor, or any other parties in interest or their attorneys, except as set forth in this Declaration, and RQN is a disinterested person as that term is used in section 101(14) of the Bankruptcy Code.

### General Information about RQN's Proposed Engagement

16.   If RQN's employment is approved by the Court, RQN will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and local rules and orders of this Court for all services performed and expenses incurred.

17.   The team of RQN shareholders and directors who will assist in representing the Debtor on various matters include the following attorneys, whose standard hourly rates for 2018 are as follows:

Michael R. Johnson, $400
David H. Leigh, $360

Elaine A. Monson, $305
Douglas M. Monson, $365
Brent D. Wride, $355

Other attorneys and paralegals may assist in performing services in this case, and RQN will consistently strive to have work performed in the most cost-efficient way possible. The hourly rates for other professionals likely to perform services in this case for calendar year 2018 are:

Shareholders:  $275 to $360
Associates:    $185 to $270
Paralegals:    $115 to $160

18.     RQN's billing rates are subject to adjustment and increase as necessary or appropriate, which adjustments and increases typically become effective on February 1st of each calendar year. Unless expressly disallowed by the Court, RQN will increase its hourly billing rates in this matter effective as of February 1st of each calendar year, if necessary and appropriate, by no more than $10.00 per hour per attorney or paralegal per each calendar year.

19.     RQN maintains detailed records of any actual and necessary expenses for which it may seek reimbursement. RQN will seek reimbursement for its non-overhead, identifiable expenses incurred in connection with this case.

20.     I and other professionals rendering services will also keep detailed records in connection with such services as required by the Bankruptcy Code. Time will be recorded in increments of 1/10th of an hour, and all attorneys and paralegals will be required to keep detailed time records in connection with services rendered herein.

21.     RQN has not entered into any agreement to share compensation as may be awarded to it for services rendered in this case except as permitted under Section 504(b) of the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

EXECUTED ON this 19th day of July, 2018 in Salt Lake City, Utah.

_____
Brent D. Wride, Declarant

1458878